# CARNIVAL CRUISE LINES, INC. v HEILMAN
## Case No. 87-040-AP (County Court Case No. 86-20656SPO5)
Eleventh Judicial Circuit, Appellate Division, Dade County
March 11, 1988

### APPEARANCES OF COUNSEL
**Gregory J. Rand** for appellant.
**Robert A. Stamen** for appellee.
Before FULLER, TENDRICH, KORNBLUM, JJ.

### OPINION OF THE COURT
PER CURIAM

Appellant, Carnival Cruise Lines, Inc., provided to the Miami Ski Club, as a promotional, a door prize of a trip for two to the Bahamas. The Appellee, Diana Heilman, was the winner. Her cruise certificate was subject to a number of requirements and restrictions of which she had knowledge. The cruise certificate has a caveat "no cash value" printed on its face.

The requirements for the cruise provided that the Appellant would determine on a space available basis, which ship of its line and what

sailing dates would be available. The cruise certificate was valid from October 3, 1985, until October 3, 1986. For the first time, on May 2, 1986, Appellee selected 3 dates for sailing and specified the cruise ship, Carnivale, June 22, July 11, and July 25, 1986. She was thereafter offered a space available cruise on July 11, 1986, on another of Appellant's ships sailing from Fort Lauderdale. Appellee rejected this date because "the port was not convenient to her". The Appellee thereafter on July 23, 1986, selected three dates in August and requested accommodations again on the cruise ship Carnivale. The Appellant was not able to accommodate the Appellee's request and she picked another weekend in September and two weekends in October of 1986 even though those dates were past the cut off date on the cruise certificate. The Appellee again advised the Appellant that it was more convenient for her to leave out of Miami on a Friday on the Carnivale. When her requested dates were not provided by the Appellant, the Appellee made claim for the retail value of the cruise for two and thereafter instituted a claim for $650.00. The Appellant appeals from the Judgment rendered below in the sum of $750.00 plus costs.

The Judgment below is reversed because the Record on Appeal is void of any evidence that would warrant the entry of a Judgment in favor of the Appellee. The Courts cannot make more out of a promotional offering that was the understanding of the parties involved.